IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KOLEA BURNS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO.  2:14-cv-350-MEF |
| ) | (WO – Do Not Publish) |
| CITY OF ALEXANDER CITY, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is Plaintiffs' *Ex Parte* Rule 26(d)(1) Motion (Doc. #8) seeking authorization from the Court to allow Plaintiffs to issue subpoenas prior to the holding of a planning conference pursuant to Federal Rules of Civil Procedure 26(f).  This case arises out of a police shooting that occurred at a Huddle House restaurant in Alexander City, Alabama, which resulted in the death of Emerson Crayton, Jr.  Plaintiffs seek leave of the Court to issue subpoenas seeking discovery of the results of an official investigation into the shooting and Alexander City's policies on the use of lethal force.

Rule 26(d)(1) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order."  Fed. R. Civ. P. 26(d)(1).  A party seeking discovery prior to a Rule 26(f) planning conference by means of a court order must show "good cause."  *See GE Seaco Servs., Ltd. v. Interline Connection, N.V.*, No. 09-cv-23864, 2010 WL 1027408,

1

at *1 (S.D. Fla. Mar. 18, 2010). Courts generally find good cause in cases in which there is potential spoliation of evidence, the plaintiff seeks a preliminary injunction, or in which unique circumstances exist that require immediate, limited discovery.[1] *See Qwest Commc'ns Intern., Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *see also Arista Records, LLC v. Does 1–7*, No. 03-cv-18, 2008 WL 542709, at *1 (M.D. Ga. Feb. 25, 2008) (allowing early discovery upon a prima facie showing of copy right infringement to discover identities of infringers since ISPs do not retain user activity logs for extended periods); *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liab. Co.*, 204 F.R.D. 675 (D. Colo. 2002) (allowing early discovery to inspect beans to determine where beans protected by Plant Variety Act were being shipped before they completely dispersed in the market).

In support of their claim for expedited discovery, Plaintiffs state this "action involves a politically-sensitive and time-sensitive case" and reference correspondence with the Alabama Department of Public Safety Director and the city attorney for Alexander City.

---

[1] At least one court has applied a heightened standard similar to that for a preliminary injunction. *See Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982) (requiring party seeking expedited discovery to show: (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of the irreparable injury; and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted). The *Notaro* factors have been applied by some courts but rejected by others. *See, e.g. Irish Lesbian & Gay Org. v. Giuliani*, 918 F. Supp. 728, 731 (S.D.N.Y. 1996) (applying *Notaro* factors and denying request for extensive expedited discovery related to denial of parade permit in preparation for hearing on preliminary injunction); *Semitool, Inc. v. Tokyo Electron Amer., Inc.*, 208 F.R.D. 273, 274–75 (N.D. Cal. 2002) (rejecting *Notaro* factors in favor of "the more flexible good cause standard"). Without expressing any opinion on the propriety of the *Notaro* analysis, this Court adopts the more flexible good cause standard for the purposes of this order.

(Doc. #8, at ¶ 3.)  In addition, Plaintiffs state they "need said evidence immediately in order to secure the assistance of expert witnesses."  (Doc. #8, at ¶ 3.)  Plaintiffs do not state why they need to secure the assistance of expert witnesses before Defendants have answered and before a Rule 26(f) conference has been held.  The Court finds Plaintiffs have failed to show good cause for allowing expedited discovery.

First, the correspondence attached as an exhibit to Plaintiffs' motion does not demonstrate the requested discovery is time-sensitive or at risk of spoliation.  The first series of letters between Plaintiffs' counsel and the city attorney for Alexander City involve a prior open records request by Plaintiffs seeking documents related to Alexander City police officers' training on the use of lethal force and the personnel file of one of the defendants.  In a letter to Plaintiffs' counsel, the city attorney notes that, since Plaintiffs have filed a lawsuit, they may obtain the documents requested through the open records law by means of a subpoena.  The city attorney then states, "Please advise if you contend the Open Records request is still valid under the circumstances," and that, given the initiation of the lawsuit, "I am assuming you do not intend to come to Alexander City and copy the requested documents." (Doc. #8-1, at 3.)  Far from providing good cause for expedited discovery, the city attorney's letter indicates Alexander City is ready and willing to provide the requested documents either pursuant to the open records law or by means of a subpoena.  Furthermore, Plaintiffs have not shown why Alexander City's standing policies on the use of force must be obtained prior to a Rule 26(f) conference.

Second, three letters from Plaintiffs' counsel to the Alabama Department of Public

Safety Director, to which the Director apparently has not replied, do not provide any evidence for why Plaintiffs should be allowed to obtain the requested documents by means of a subpoena prior to a Rule 26(f) conference.  These records concern the results of an official investigation into the shooting that resulted in the death of Emerson Crayton, Jr.  Plaintiffs have provided no evidence that the requested records will become unavailable and have provided no reason why they need them at this early stage.  *See Platinum Mfg. Intern., Inc. v. UniNet Imaging, Inc.*, No. 08-cv-310, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008) ("The Court has no reason to suspect that records maintained by third-party . . . institutions would become 'lost or unavailable' in the coming weeks or months, and Plaintiff has provided no evidentiary support for this claim.").  While the requested documents are undoubtedly highly relevant to Plaintiffs' claims, this is insufficient to meet the good cause standard for expedited recovery.  *See GE Seaco Servs., Ltd. v. Interline Connection, N.V.*, No. 09-23864, 2010 WL 1027408, at *1 (S.D. Fla. Mar. 18, 2010) ("Plaintiff has not shown the need for urgency, other than to argue that this case will not 'gain sufficient traction to make it to first base' without this discovery.  However, Plaintiff has not shown that there is any chance that testimony or other evidence will be lost or otherwise impaired if ex parte relief is not granted.  Nor has Plaintiff shown that it will suffer any prejudice if the Court does not permit expedited discovery.").

Accordingly, it is hereby

ORDERED that Plaintiffs' *Ex Parte* Rule 26(d)(1) Motion (Doc. #8) is DENIED.

DONE this the 30th day of May, 2014.

                                                   /s/ Mark E. Fuller
                                                   UNITED STATES DISTRICT JUDGE